**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>North American Company for
Life and Health Insurance</u>

    v.                                                            Case No. 22-cv-48-PB

<u>Maria Bono Watts</u>

## **REPORT AND RECOMMENDATION**

North American Company for Life and Health Insurance ("North American") filed suit against Maria Bono Watts seeking to rescind the life insurance policy it issued on the life of Charles N. Galatis.  In the alternative, North American seeks a declaratory judgment that its liability is limited to an amount equal to the premiums paid on the policy.  On May 5, 2022, the Clerk of Court entered default against Watts.  Doc. No. 9.  Before the court for Report and Recommendation is North American's motion for default judgment, Doc. No. 10, pursuant to Federal Rule of Civil Procedure 55(b)(2).  For the reasons that follow, the court recommends that North American's motion be granted in part and denied in part.

## **STANDARD OF REVIEW**

When a party moves for a default judgment under Rule 55(b)(2), the court "may examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine

whether it alleges a cause of action." Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002). The defaulting party is "taken to have conceded the truth of the factual allegations in the complaint." Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62 (1st Cir. 2002). Admitting the truth of the factual allegations, however, "does not admit the legal sufficiency of [the] claims." 10 James W. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2013). For that reason, the court reviews the admitted facts in light of the elements of the claims pleaded before entering a default judgment. Sampson v. Lambert, 903 F.3d 798, 805-06 (8th Cir. 2018); Neff v. Mediation Processing Servs., LLC, No. 21-CV-310-JL, 2021 WL 7082838, at *1 (D.N.H. Sept. 27, 2021), report and recommendation adopted, No. 21-CV-310-JL, 2021 WL 7082833 (D.N.H. Oct. 14, 2021).

## BACKGROUND

By virtue of her default, Watts concedes the following facts alleged in North American's complaint. On March 29, 2020, North American, an Iowa corporation, issued life insurance policy no. LB41009915, on the life of Galatis in the face amount of $200,000.00 (the "Policy"). See Doc. No. 1-1. Watts, a New Hampshire resident, is listed as the primary beneficiary under the Policy. Id. at 12.

In his application for issuance of the Policy, Galatis represented that he had not been medically diagnosed, medically treated, or tested positive for various conditions, including alcohol or drug abuse, in the last ten years. Doc. No. 1, ¶ 8. When completing and signing his application, Galatis acknowledged that his answers were complete and true to the best of his knowledge and belief. Id. ¶ 9. Based on these representations, as well as Galatis's tender of the first premium payment, North American issued the Policy.

Galatis died on June 4, 2020 by suicide. See Doc. No. 1-2. On or around February 22, 2021, Watts submitted a claim for benefits under the Policy. In response to her claim, North American conducted a routine investigation. During the investigation, North American discovered that Galatis had been diagnosed with and treated for drug abuse in 2018 and 2019, Doc. No. 1, ¶ 18, directly contradicting Galatis's answer in the application that he had not been diagnosed with or treated for drug abuse in the previous ten years. North American would not have issued the Policy if it knew Galatis's medical history involving drug abuse. Id. ¶ 20.

By letter dated December 3, 2021, North American notified Watts that Galatis had provided false information about his medical history in his Policy application, which entitled North American to rescind the Policy. North American also stated that

3

its liability under the Policy was limited to the premiums paid. Accordingly, North American provided Watts with a release for her to sign and return to North American in exchange for a check in the amount of the premiums paid. North American advised Watts that if she did not return the signed release by January 4, 2022, it would "take steps to protect its rights." Id. ¶ 22.

Watts did not return the signed release to North American by January 4, 2022. Accordingly, on February 3, 2022, North American filed suit. Watts was served with the complaint and summons on March 25, 2022, and the return of service was filed on March 31, 2022. Doc. No. 8. When Watts did not file a response within the time allowed, the Clerk of Court entered default against her. Doc. No. 9. Watts was given until June 2, 2022 to move to set aside the default, but she has not done so to date. North American now moves for default judgment. Doc. No. 10.

## DISCUSSION

North American brings three claims against Watts and a fourth claim in the alternative. In Count I, North American seeks common law rescission of the Policy due to Galatis's material misrepresentation regarding his medical history. See Doc. No. 14. In Count II, North American seeks a declaratory judgment that the Policy is rescinded. In Count III, North American seeks to void the Policy because a condition precedent,

4

Galatis's receipt, and acceptance of the Policy while his health was as stated in the application, never occurred. Finally, in Count IV, North American seeks, in the alternative, to limit its liability based on a provision in the Policy addressing death caused by suicide.

North American moves for default judgment on Counts I, II, and III. It also requests default judgment on Count IV, in the alternative, if the court does not grant its motion as to Counts I, II, and III.

## I. Rescission of the Policy (Count I)

Under New Hampshire common law, the remedy of equitable rescission may be ordered "where material misrepresentations reasonably relied upon induce the injured party to enter into a transaction." Patch v. Arsenault, 139 N.H. 313, 317 (1995). Unlike damages, equitable rescission is "a complete remedy which restores the injured party to the position occupied before the transaction." Id. at 318.[1] The court, however, can only rescind a transaction when it determines that "the respective parties can be returned to the status quo." Faiella v. Green Tree Servicing LLC, No. 16-cv-088-JD, 2016 WL 4530452, at *1 (D.N.H. Aug. 29, 2016) (quoting Derouin v. Granite State Realty, Inc., 123 N.H. 145, 147 (1983)). Further, rescission is only proper

---

[1] North American is not seeking damages, and therefore the court recommends that none be awarded.

5

"when in all the circumstances it appears right and just to the parties to do so." Patch, 139 N.H. at 318 (quoting Barber v. Somers, 102 N.H. 38, 42 (1959)).

As relevant here, the terms of an insurance policy can be rescinded when the insured makes a material misrepresentation to procure the policy. Clark v. Union Mut. Fire Ins. Co., 40 N.H. 333, 338 (1860); see also Mooney v. Nationwide Mut. Ins. Co., 149 N.H. 355, 358 (2003)(affirming the rescission of an insurance policy due to the insured's material misrepresentation in his policy application). A misrepresentation is "the statement of something, as fact, which is untrue, and which the assured states knowing it to be untrue, and with the intent to deceive" or which the assured "states positively as true, not knowing it to be true, and which has a tendency to mislead." Clark, 40 N.H. at 338. When the insured has expressly "stipulated and warranted that a certain fact is true, that warranty makes the fact a material one . . . ." Amoskeag Trust Co. v Prudential Ins. Co. of America, 88 N.H. 154, 185 A. 2, 6 (1936)(quotation omitted). A misrepresentation concerning the applicant's medical history is also deemed to be material to the issuance of a life insurance policy. See id. at 7.

### A. Material Misrepresentation

In his application for the Policy, Galatis misrepresented his medical history. Specifically, Galatis stated that he had

6

not been medically diagnosed with or medically treated for alcohol or drug abuse, when in fact he had been diagnosed with and treated for drug abuse in 2018 and 2019.  Doc. No. 1, ¶¶ 8, 18.  North American would not have issued the Policy if it knew Galatis's medical history involving drug abuse.  Id. ¶ 20.

Galatis made this misrepresentation despite acknowledging that the answers contained in his application were complete and true to the best of his knowledge and belief.  Id. ¶ 9.  Where Galatis not only misrepresented a fact concerning his medical history, but also acknowledged that fact as being true, Galatis's misrepresentation was material to the issuance of the Policy.

### B. Status Quo and Balance of the Equities

Rescission is the appropriate remedy for this material misrepresentation because the parties can be returned to the status quo and the balance of the equities weigh in favor of rescission.  North American represented that it will return the premiums paid in exchange for being released from the terms of the Policy.  This would return the parties to their respective positions prior to the transaction and would prevent the unjust enrichment of any party.  Equity and fairness dictate that Watts should not obtain the benefit of the Policy when it was procured through a material misrepresentation and North American should not bear the burden of issuing such a benefit.  Further, it

would be similarly improper for North American to retain the benefit of the premiums paid when it is no longer bound to the terms of the Policy.  Thus, considering the undisputed facts and applicable law, the court finds that rescission of the Policy is the proper remedy for Galatis's material misrepresentation.

## II.   The Remaining Claims (Counts II, III, IV)

Given the strength of North American's claim for rescission and assuming that judgment will enter in favor of North American on Count I, the court declines to address the remaining claims.

## CONCLUSION

For the foregoing reasons, the court recommends that the district judge: (1) grant North American's motion for default judgment (Doc. No. 10) as to its claim for rescission (Count I); (2) order rescission of the Policy and return of the premiums paid; and (3) dismiss the remaining claims (Counts II, III, and IV) as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court.  See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such

objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                   _____
                                                   Andrea K. Johnstone
                                                   United States Magistrate Judge

October 6, 2022

cc:  Counsel of Record